## SAUNDERS v VANZANT

Ohio Appeals, 1st Dist, Hamilton Co

No 2563. Decided Nov 9, 1931

Rheinfrank, Simmons & Lindecker for plaintiff in error.

Powell & Starritt for defendant in error.

RICHARDS, J.

Many alleged errors are relied on for a reversal of the judgment, among them being the claim that the verdict and judgment are not sustained by sufficient evidence. This contention requires an examination of the grounds upon which the verdict rendered at the first trial was set aside. In due time after the rendition of the first verdict, Roy E. Saunders made a motion for a new trial based on nine grounds, among which are the claims that the verdict was contrary to the evidence, against the weight of the evidence and not supported by sufficient evidence. The journal entry sustaining that motion recites only that the court "upon due consideration thereof finds said motion well taken", and the court thereupon ordered that said motion be granted and the verdict of the jury set aside and a new trial granted. It will be observed that the journal entry does not show the grounds upon which the motion for new trial was granted. This court, however, is of the opinion that the inference necessarily arises from the language of the journal entry that one of the grounds on which the verdict was set aside was that the verdict was not sustained by sufficient evidence. This conclusion seems to be required by the decision of the Supreme Court in **State ex rel Hiett vs. Court of Common Pleas, 102 Oh St, 40.** It is true that the court held in that case that where several grounds are set forth in the motion and the order sustaining the motion is based upon one only, there is no presumption that the other grounds were considered or decided, but the court used that language in speaking of the phraseology of the journal' entry showing the granting of the second motion for a new trial in the case then under review and the journal entry granting that motion specifi-

cally recited that the verdict "is not sustained by the weight of the evidence and is contrary to law". The opinion in that case shows that the motion to set aside the first verdict was sustained but that the journal entry did not state the specific grounds for the disposition of the motion. The court of appeals in that case held that the trial court was without authority to grant a second new trial on the weight of the evidence and that would necessarily be for the reason that one verdict had been set aside as being against the weight of the evidence and therefore the trial court was without authority to set aside a second verdict on that ground. The judgment of the Court of Appeals in that case was affirmed by the Supreme Court.

Finding, therefore, that the first verdict was set aside on the ground that it was against the weight of the evidence, this court is powerless to reverse the judgment now before it on the claim that it was against the weight of the evidence, even if it were so inclined. That leaves, however, questions of law remaining for determination. .

The petition was based upon an account for labor and material and it is contended that the trial court erred in admitting the plaintiff's account book. The evidence shows that Mr. VanZant looked after the performance of the work in wiring numerous houses in Toledo and that the rate which was to be paid was $2.25 per opening, and that as the work was finished he visited the house just completed and made a memorandum, sometimes on a slip of paper and sometimes on a piece of shingle, showing the number of openings and the rate per opening and the total amount' due, which he reported to Martin and according to the testimony of VanZant, Martin in each instance approved the amount so reported. Thereafter VanZant, on his return to Detroit where he kept the account books, made the entries from the temporary memoranda which he had made on slips of paper and pieces of shingle. Sometimes the entries in the book were made within a day and sometimes not until thirty days or even, in one or two instances perhaps, more than thirty days later. The plaintiff testifies that he correctly transcribed the entries from the slips of paper and the shingles into the account book.

It is earnestly urged that the book is not a book of original entries. It is quite clear that the memoranda made on the slips of paper and pieces of shingle were only for a temporary purpose and until the entries

should be made in the book. There may be some question whether the book, under such circumstances, is a book of original entries and admissible as such. The record, however, shows that the plaintiff sought to make his case by using the book to refresh his memory and made very slow progress in the trial of the case. Whereupon counsel for defendant said:

"If your honor please, I admit that he has an account for that amount * * * I will agree to that, it will be submitted to the jury. They can see it. I am just trying to save time. If we admit it, what is the use of proving it? I admit what he submits is his account. * * * I won't object. Go ahead and prove it. Do as you want. * * * It is up to the jury."

After this statement was made the plaintiff read into the record from the account book the almost innumerable items contained therein, and this was done without objection. Very much time was taken in so doing, the entire trial lasting some three days. After all of that was done by consent, counsel for the defendant moved the court to withdraw from the evidence the account book for the reason that it was incompetent. We think, after having consented that it should be received in evidence and after the court and counsel had spent a very great deal of time in getting in the evidence pursuant to the consent, it was too late to insist on its withdrawal. In addition to this situation, the record contains evidence from which the jury may have found that the various items of the account were submitted to and approved by Martin as the wiring of the various houses was completed. The record also contains evidence tending to show that Saunders was a partner of Martin in the transactions and as we can not review the judgment on the weight of the evidence, such finding is conclusive.

When the plaintiff rested his case, the defendants moved for a directed verdict, which was overruled and exception taken. The motion for a directed verdict was properly overruled, but even if the court had erred in so doing, the error was waived because the motion for a directed verdict was not renewed at the conclusion of all the evidence. It is true that the defendants requested the court, in advance of argument, to charge the jury to return a verdict in their favor, which the court refused to do, but no exception was taken to this action of the court.

We have examined all the claimed errors and find none to the prejudice of the plaintiff in error.

LLOYD and WILLIAMS, JJ, concur.